**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4375**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESSIE YARBOROUGH,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   G. Ross Anderson, Jr., District
Judge.   (8:05-cr-00809-GRA-2)

———————

Submitted:  November 20, 2006      Decided:  December 18, 2006

———————

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Bradley Bennett, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant.  W. Walter Wilkins, OFFICE OF THE UNITED
STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessie Yarborough pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C.A. §§ 846, 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2006) (Count Two); and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West Supp. 2006) (Count Four). The plea agreement included a stipulation that the "quantity of cocaine involved is 1 kilogram of cocaine with a base offense level of 26 for purposes of calculating the Defendant's sentence pursuant to the United States Sentencing Commission Guidelines."

In determining the sentencing range under the Sentencing Guidelines[*] for Count Two, the probation officer recommended a base offense level of twenty-six pursuant to USSG § 2D1.1(c)(7), based on the plea agreement stipulation. After a two-level reduction for acceptance of responsibility, Yarborough's total offense level for Count Two was twenty-four. Yarborough's prior criminal activity resulted in a total of eleven criminal history points, placing him in criminal history category V. The resulting sentencing range for Count Two was ninety-two to 115 months. Count Four carried a mandatory minimum of five years of imprisonment, consecutive to the sentence on Count Two. Yarborough did not object to the

---

[*]U.S. Sentencing Guidelines Manual (2004) (USSG).

presentence report (PSR). At sentencing the district court adopted the factual findings and Guideline calculations in the PSR. The court noted its consideration of the advisory Guidelines range and the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and sentenced Yarborough to ninety-two months of imprisonment on Count Two and a consecutive sixty months of imprisonment on Count Four, for a total of 152 months of imprisonment, four years of supervised release, and a $200 special assessment. Yarborough timely appealed.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal, but questions whether the district court erred in imposing a sentence of 152 months. Yarborough filed a pro se supplemental brief asserting two allegations of error. The Government declined to file a brief.

Counsel suggests that the district court erred in imposing a sentence of 152 months of imprisonment. We review a district court's sentence for reasonableness. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). "Consistent with the remedial scheme set forth in Booker, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." Id. at 546. Counsel does not assert that the district court erred in determining the applicable

- 3 -

Guideline range, and Yarborough's offense level was determined based on the stipulation in the plea agreement.

Next, the district court must consider the Guideline range in conjunction with other relevant factors under the Guidelines and § 3553(a), and impose a sentence. "A sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006). If a court imposes a sentence outside the Guideline range, the court must state its reasons for doing so. Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47 (citations omitted). Yarborough's guilty plea to a drug conspiracy involving 500 or more grams of cocaine exposed him to a statutory sentence of at least five and not more than forty years, 21 U.S.C.A. § 841(b)(1)(B); and his plea to using and carrying a firearm during and in relation to a drug trafficking crime carried a statutory minimum consecutive sentence of five years. 18 U.S.C.A. § 924(c).

In this case the district court calculated the Guideline range and specifically stated that it considered the advisory Guidelines pursuant to § 3553 before imposing sentence. "The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion'; 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" United States v. Moreland, 437

F.3d 424, 432 (4th Cir.)(quoting <u>United States v. Dean</u>, 414 F.3d 725, 729 (7th Cir. 2005)), <u>cert. denied</u>, 126 S. Ct. 2054 (2006).

Yarborough's sentence was within the properly calculated Guideline range and did not exceed the statutory maximum. Our review leads us to conclude that Yarborough's "sentence was selected pursuant to a reasoned process in accordance with law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law." <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We have considered the arguments raised in Yarborough's pro se supplemental brief and find them to be without merit. We therefore affirm Yarborough's conviction and sentence. This court requires that counsel inform Yarborough, in writing, of the right to petition the Supreme Court of the United States for further review. If Yarborough requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Yarborough. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED